**BLUMENTHAL & NORDREHAUG**
Norman B. Blumenthal (SBN 068687)
Kyle R. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (CSB #71075)
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

Attorneys for Class Plaintiffs

**SEYFARTH SHAW LLP**
Thomas R. Kaufman (SBN 177936)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

**SEYFARTH SHAW LLP**
Kari Erickson Levine (SBN 146101)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STEELE, an individual, and DAN ROYSE, an individual, JULIE TEAGUE, an individual, and JERAHMEEL CAPISTRANO, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California Corporation, and Does 1 to 10,<br><br>Defendants. | CASE NO.: C 07-5743 VRW<br><br>CLASS ACTION<br><br>STIPULATION AND [~~PROPOSED~~] ORDER TO ALLOW PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT<br><br>Courtroom:   6, 17th floor<br>Judge:   Hon. Chief Judge Vaughn R Walker |

WHEREAS, Plaintiffs filed suit against Kaiser Foundation Health Plan, Inc. on November 13, 2007;

1

1    **WHEREAS**, Plaintiffs sent notice of Labor Code violations pursuant to the Private Attorney

2    General Act of 2004, Labor Code Section 2699 ("PAGA"), to the Labor and Workforce

3    Development Agency (the "LWDA") on January 30, 2008;

4    **WHEREAS**, on February 28, 2008, the LWDA informed Plaintiffs that the Agency does not

5    intend to investigate the PAGA allegations;

6    **WHEREAS**, the parties have agreed that Plaintiffs may file the proposed First Amended

7    Complaint, attached hereto as <u>Exhibit #1</u>, which adds only the PAGA allegations as a seventh (7th)

8    cause of action;

9    **WHEREAS**, Cal. Labor Code § 2699.3(a)(2)(C) provides that an amendment to add this

10   PAGA civil penalty claim is permitted "as a matter of right;"

11   **NOW, THEREFORE**, Plaintiffs and Defendant, through their respective counsel of record,

12   stipulate and request that:

13   1.    The First Amended Complaint, attached hereto as <u>Exhibit #1</u>, shall be filed as the

14   operative Complaint.

15

16   **IT IS SO STIPULATED AND AGREED.**

17   Dated: ~~March~~ 8, 2008                     BLUMENTHAL & NORDREHAUG

18                                                By: _____

19                                                Aparajit Bhowmik
                                                  Attorneys for Plaintiffs

20   Dated: ~~March~~ 18, 2008                    SEYFARTH & SHAW

21                                                By: _____

22                                                Thomas R. Kaufman
                                                  Attorneys for Defendant Kaiser Foundation Health Plan, Inc.

23   **IT IS SO ORDERED.**

24       April 14, 2008
     Dated: ~~March          2008~~

25                                                By: _____

26                                                The                        Vaughn R. Walker
                                                  Chief                      States District Court

27   *Concurrence in the filing of the document has been obtained from this signatory which
     shall serve in lieu of his/her signature on the document.

28   G:\D\NBB\Steele v. KP\p-Stipulation-Amend.wpd

─────────────────────────────────────────

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT #1

STIPULATION AND [PROPOSED] ORDER TO ALLOW PLAINTIFFS TO FILE FAC

Case No. C 07-5743 VRW

1  **BLUMENTHAL & NORDREHAUG**
     Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
     Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5
   **UNITED EMPLOYEES LAW GROUP**
6   Walter Haines, Esq.
   65 Pine Ave, #312
7  Long Beach, CA 90802
   Telephone: (562) 256-1047
8  Facsimile: (562) 256-1006

9                   **UNITED STATES DISTRICT COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11

12  MARK STEELE, an individual, and DAN          CASE No. C 07-5743 VRW
   ROYSE, an individual, JULIE TEAGUE, an
13  individual, and JERAHMEEL                    CLASS AND COLLECTIVE ACTION
   CAPISTRANO, on behalf of themselves, and     COMPLAINT FOR:
14  on behalf of all persons similarly situated,

15                                               1. FAILURE TO PAY REGULAR AND
                                                 OVERTIME COMPENSATION IN
16            Plaintiffs,                         VIOLATION OF 29 U.S.C. § 201, *et seq.*;
                                                 2. FAILURE TO PAY OVERTIME
17  vs.                                          COMPENSATION IN VIOLATION OF
                                                 CAL. LAB. CODE §§ 510, 515.5, 551, 552,
18  KAISER FOUNDATION HEALTH PLAN,              1194 AND 1198, *et seq.*
   INC., a California Corporation, and Does 1 to 3. FAILURE TO PROVIDE WAGES WHEN
19  10,                                          DUE IN VIOLATION OF CAL. LAB. CODE
                                                 § 203;
20                                               4. FAILURE TO PROVIDE MEAL AND
                                                 REST PERIODS IN VIOLATION OF CAL.
21            Defendants.                         LAB. CODE § 226.7 AND 512;
                                                 5. FAILURE TO PROVIDE ACCURATE
22                                               ITEMIZED STATEMENTS IN VIOLATION
                                                 OF CAL. LAB. CODE § 226; and,
23                                               6. UNFAIR COMPETITION IN
                                                 VIOLATION OF CAL. BUS. & PROF.
24                                               CODE § 17200, *et seq.*; and,
                                                 7. LABOR CODE PRIVATE ATTORNEY
25                                               GENERAL ACT [Labor Code § 2698]

26                                               DEMAND FOR A JURY TRIAL

27

28
                                   1
                               COMPLAINT

Plaintiffs Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano allege on information and belief, except for their own acts and knowledge, the following:

## NATURE OF THE ACTION

1.      Plaintiffs Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano ("PLAINTIFFS") bring this class action on behalf of themselves and a nationwide class consisting of all individuals who are or previously were employed by Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser Foundation Health Plan") as Product Specialists, Business Application Coordinators, and other similarly situated positions during the Collective Class Period and California Class Period as hereinafter defined (the "CLASS").

2.      Individuals in these positions are and were employees who are entitled to be classified as non-exempt, paid for regular and overtime compensation, meal and rest period breaks, prompt payment of amounts that the employer owes an employee when the employee quits or is terminated, and other compensation and working conditions that are prescribed by law.

3.      Although Kaiser Foundation Health Plan requires their employees employed as Product Specialists, Business Application Coordinators, and other similarly situated positions, to work more than forty (40) hours a week, as a matter of policy and practice, Kaiser Foundation Health Plan consistently and uniformly misclassifies these employees as exempt and denies them the required overtime and other compensation that the law requires.

4.      In this action, PLAINTIFFS, on behalf of themselves and the CLASS, seek to be reclassified as non-exempt and recover all the compensation that Kaiser Foundation Health Plan was required by law to provide, but failed to provide, to PLAINTIFFS and all other CLASS members.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over PLAINTIFFS' federal claim pursuant to 28 U.S.C.§1331, federal question jurisdiction, 29 U.S.C. § 219, the Fair Labor Standards Act, and

1    28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

2         6.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c),

3 because Kaiser Foundation Health Plan does business in this District and committed the wrongful

4 conduct against certain members of the CLASS in San Francisco County, California.

5

6                                         **PARTIES**

7         7.       Plaintiff Mark Steele was employed by Defendant Kaiser Foundation Health Plan

8 from on or about August of 2005 to on or about March 6, 2007, in the state of California, city of San

9 Francisco.

10        8.       Plaintiff Dan Royse was employed by Defendant Kaiser Foundation Health Plan

11 from on or about April of 2005 to on or about January of 2007, in the state of California, city of San

12 Francisco.

13        9.       Plaintiff Julie Teague was employed by Defendant Kaiser Foundation Health Plan

14 from on or about August 2005 to on or about April of 2006, in the state of California, city of San

15 Francisco.

16       10.       Plaintiff Jerahmeel Capistrano was employed by Defendant Kaiser Foundation

17 Health Plan from on or about August of 2005 to on or about July of 2007, in the state of California,

18 city of San Francisco.

19       11.       Defendant Kaiser Foundation Health Plan, was and is a California Corporation with

20 its principal place of business in the State of California.  Defendant Kaiser Foundation Health Plan

21 also conducts business in eight (8) other states in the United States and in the District of Columbia

22 and is engaged in commerce within the meaning of the Fair Labor Standards Act by regularly and

23 recurrently receiving or transmitting interstate communications between these states and the District

24 of Columbia.

25       12.       The Defendants, Kaiser Foundation Health Plan, named in this Complaint, and

26 Does 1 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants,

27 and/or employees of each of the other Defendant and each Defendant was acting within the course

28

1  of scope of his, her or its authority as the agent, servant and/or employee of each of the other

2  Defendant (the "DEFENDANTS"). Consequently, all the DEFENDANTS are jointly and severally

3  liable to the PLAINTIFFS and the other members of the CLASS, for the losses sustained as a

4  proximate result of DEFENDANTS' conduct.

6  ## COLLECTIVE ACTION UNDER THE FLSA

7       13.    PLAINTIFFS bring this lawsuit as a collective action under the Fair Labor and

8  Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), on behalf of all persons who were, are, or will

9  be employed by Defendant Kaiser Foundation Health Plan as Product Specialists, Business

10  Application Coordinators, and other similarly situated positions, at any time within the applicable

11  statute of limitations period (the "COLLECTIVE CLASS PERIOD"), who have been misclassified

12  as exempt from overtime and have not been fully compensated for all actual time worked and wages

13  earned and other benefits, (the "COLLECTIVE CLASS"). To the extent equitable tolling operates

14  to toll claims by the COLLECTIVE CLASS against DEFENDANT, the COLLECTIVE CLASS

15  PERIOD should be adjusted accordingly. The COLLECTIVE CLASS includes all such persons,

16  whether or not they were paid by commission, by salary, or by part commission and part salary.

17       14.    Questions of law and fact common to the COLLECTIVE CLASS as a

18  whole, but not limited to the following, include:

19       a.    Whether DEFENDANT misclassified PLAINTIFFS and members of the

20            COLLECTIVE CLASS as exempt from the overtime requirements imposed by the

21            FLSA, 29 U.S.C. § 207;

22       b.    Whether DEFENDANTS failed to adequately compensate the members

23            of the COLLECTIVE CLASS for overtime hours worked as required by the FLSA,

24            29 U.S.C. § 207;

25       c.    Whether DEFENDANTS failed to adequately compensate the members of the

26            COLLECTIVE CLASS for time all worked for the benefit of DEFENDANTS as

27            required by the FLSA, including the time worked through their meal periods

28

4

1    providing "Lunch and Learn" presentations to DEFENDANTS' employees and the

2    time worked during the "Technical Dress Rehearsals";

3    d.    Whether DEFENDANTS have systematically misclassified the members of the

4    COLLECTIVE CLASS as exempt from receiving overtime compensation under

5    section 13 of the FLSA and the applicable provisions of the Code of Federal

6    Regulations;

7    e.    Whether DEFENDANTS should be enjoined from continuing the unlawful practices;

8    and,

9    f.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

10    15.    The first cause of action for the violations of the FLSA may be brought

11    and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C.

12    216(b), for all claims asserted by the representative PLAINTIFFS of the COLLECTIVE CLASS

13    because the claims of the PLAINTIFFS are similar to the claims of the members of the prospective

14    COLLECTIVE CLASS.

15    16.    PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano and

16    the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and

17    pay provisions, and are subject to  Kaiser Foundation Health Plan's common and uniform policy

18    and practice misclassifying their business of failing to pay for all actual time worked and wages

19    earned, and failing to fully pay for all overtime in violation of the FLSA and the Regulations

20    implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

21

22    **CLASS ACTION ALLEGATIONS**

23    17.    PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano bring

24    this action on behalf of themselves in their respective individual capacities and also on behalf of a

25    California Class of all employees of DEFENDANTS who worked for Kaiser Foundation Health

26    Plan in California who held the positions of Product Specialist, Business Application Coordinator,

27    and other similarly situated positions, who were misclassified as exempt from overtime during the

28

1  period commencing on the date four years prior to the filing of this complaint and ending on the

2  class period cutoff date (the "CALIFORNIA CLASS PERIOD").  This class is hereinafter referred

3  to as the "CALIFORNIA CLASS."  The CALIFORNIA CLASS includes all such persons, whether

4  or not they were paid by commission, by salary, or by part commission and part salary.

5      18.    DEFENDANTS, as a matter of corporate policy, practice and procedure,

6  and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

7  Commission ("IWC") Wage Order Requirements intentionally and knowingly, on the basis of job

8  title alone and without regard to the actual overall requirements of the job, systematically

9  misclassified the PLAINTIFFS and the other members of the CALIFORNIA CLASS as exempt

10  from overtime wages and other labor laws in order to avoid the payment of overtime wages by

11  misclassifying their positions as exempt from overtime wages and other labor laws.  To the extent

12  equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the

13  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

14      19.    DEFENDANTS violated the rights of the CALIFORNIA CLASS under

15  California Law by:

16          (a)    Committing an act of unfair competition in violation of the California Labor

17                 Code, by failing to pay PLAINTIFFS and the members of the CALIFORNIA

18                 CLASS overtime pay for a work day longer than eight (8) hours and/or a

19                 work week longer than forty (40) and by violating the California Labor Code

20                 and regulations promulgated thereunder as hereinafter alleged.

21          (b)    Violating Cal. Lab. Code § 510 by failing to pay PLAINTIFFS and the

22                 members of the CALIFORNIA CLASS overtime pay for a work day longer

23                 than eight (8) hours and/or a work week longer than forty (40) hours for

24                 which DEFENDANTS are liable pursuant to Cal. Lab. Code § 1194.

25          (c)    Violating Cal. Lab. Code § 515.5 by misclassifying PLAINTIFFS and the

26                 members of the CALIFORNIA CLASS as exempt from receiving overtime

27                 compensation.

28

(d)    Violating Cal. Lab. Code § 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the PLAINTIFFS and the members of the CALIFORNIA CLASS who have terminated their employment. Thus, DEFENDANTS are liable for such wages for a period of thirty (30) days following the termination of such employment.

(e)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA CLASS with an accurate itemized statement in writing showing the total hours worked by the employee.

(f)    Violating Cal. Lab. Code §§ 1198 and 226.7 and the regulations and orders implementing the Code, by failing to provide PLAINTIFFS and the members of the CALIFORNIA CLASS with rest and/or meal periods and are thus liable for premium pay of one hour for each workday such rest and/or meal periods were denied.

20.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P."), in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every member of the CALIFORNIA CLASS;

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all other

COMPLAINT

members of the CALIFORNIA CLASS, were systematically misclassified as
exempt and sustained economic injuries arising from DEFENDANTS'
violations of the laws of California. PLAINTIFFS and the members of the
CALIFORNIA CLASS were and are similarly or identically harmed by the
same unlawful, deceptive, unfair and pervasive pattern of misconduct
engaged in by the DEFENDANTS of systematically misclassifying as exempt
all Product Specialists, Business Application Coordinators, and similarly
situated employees solely on the basis of their job title and without regard to
DEFENDANTS' realistic expectations and the actual, overall requirements of
the job resulting in economic injury to employees so misclassified.

(d)     The representative PLAINTIFFS will fairly and adequately represent and
protect the interest of the CALIFORNIA CLASS, and has retained counsel
who are competent and experienced in Class Action litigation. There are no
material conflicts between the claims of the representative PLAINTIFFS and
the members of the CALIFORNIA CLASS that would make class
certification inappropriate. Counsel for the CALIFORNIA CLASS will
vigorously assert the claims of all Class Members.

21.     In addition to meeting the statutory prerequisites to a Class Action, this
action is properly maintained as a Class Action pursuant to F.R.C.P. 23, in that:

(a)     Without class certification and determination of declaratory, injunctive,
statutory and other legal questions within the class format, prosecution of
separate actions by individual members of the CALIFORNIA CLASS will
create the risk of:

1)      Inconsistent or varying adjudications with respect to individual
members of the CALIFORNIA CLASS which would establish
incompatible standards of conduct for the parties opposing the
CALIFORNIA CLASS; or,

8

COMPLAINT

      2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that the DEFENDANTS systematically misclassified as exempt all Product Specialists, Business Application Coordinators and similarly situated employees solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

      1)     The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions;

      2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

      3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

      4)     The difficulties likely to be encountered in the management of a Class Action; and,

1            5)     The basis of DEFENDANTS misclassifying PLAINTIFFS and the

2                  CALIFORNIA CLASS as exempt by job title.

3    22.    This Court should permit this action to be maintained as a Class Action

4 pursuant to F.R.C.P. 23 because:

5            (a)     The questions of law and fact common to the CALIFORNIA CLASS

6                  predominate over any question affecting only individual members;

7            (b)     A Class Action is superior to any other available method for the fair and

8                  efficient adjudication of the claims of the members of the CALIFORNIA

9                  CLASS;

10           (c)     The members of the CALIFORNIA CLASS are so numerous that it is

11                 impractical to bring all members of the CALIFORNIA CLASS before the

12                 Court;

13           (d)     PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able

14                 to obtain effective and economic legal redress unless the action is maintained

15                 as a Class Action;

16           (e)     There is a community of interest in obtaining appropriate legal and equitable

17                 relief for the common law and statutory violations and other improprieties,

18                 and in obtaining adequate compensation for the damages and injuries which

19                 DEFENDANTS' actions have inflicted upon the CALIFORNIA CLASS;

20           (f)     There is a community of interest in ensuring that the combined assets and

21                 available insurance of DEFENDANTS are sufficient to adequately

22                 compensate the members of the CALIFORNIA CLASS for the injuries

23                 sustained;

24           (g)     DEFENDANTS have acted or refused to act on grounds generally applicable

25                 to the CALIFORNIA CLASS, thereby making final class-wide relief

26                 appropriate with respect to the CALIFORNIA CLASS as a whole; and

27           (h)     The members of the CALIFORNIA CLASS are readily ascertainable from the

28

COMPLAINT

business records of the DEFENDANTS. The CALIFORNIA CLASS consists of all of DEFENDANTS' employees employed as Product Specialists, Business Application Coordinators, and other similarly situated persons in California whose job classifications by DEFENDANTS as exempt were made solely on the basis of their job title and without regard to DEFENDANTS' realistic expectations and actual overall requirements of the job. DEFENDANTS, as a matter of law, has the burden of proving the basis for the exemption as to each and every Product Specialist and Business Application Coordinator. To the extent that DEFENDANTS have failed to maintain records sufficient to establish the basis for the exemption (including but not limited to, the employee's job duties, wages, and hours worked) for any Product Specialist or Business Application Coordinator, DEFENDANTS are estopped, as a matter of law, to assert the existence of the exemption.

## **GENERAL ALLEGATIONS**

23.     Kaiser Foundation Health Plan, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of the FLSA, intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically misclassified the PLAINTIFFS and the other members of the CALIFORNIA CLASS and the COLLECTIVE CLASS (the "CLASS") as exempt from overtime wages and other labor laws in order to avoid the payment of overtime wages by misclassifying their Product Specialist, Business Application Coordinator, and other similarly situated employees as exempt from overtime wages and other labor laws. To the extent equitable tolling operates to toll claims by the CLASS against Kaiser Foundation Health Plan, the CALIFORNIA CLASS PERIOD and the COLLECTIVE CLASS PERIOD (the "CLASS PERIODS") should be adjusted accordingly.

COMPLAINT

24.     Kaiser Foundation Health Plan has intentionally and deliberately created numerous job levels and a multitude of job titles to create the superficial appearance of hundreds of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together for the purpose of determining whether they are exempt from overtime wages.  For example, although PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano were all initially hired as "Product Specialists."  Kaiser Foundation Health Plan later changed their job titles to "Business Application Coordinators" approximately two (2) months after hiring.  Despite the new titles, the PLAINTIFFS continued to perform only the same job functions as "Business Application Coordinators" that they performed as "Product Specialists."  Indeed, one of Kaiser Foundation Health Plan's  purposes in creating and maintaining this multi-level job classification scheme is to create a roadblock to discovery and class certification for all employees similarly misclassified as exempt.  Kaiser Foundation Health Plan has uniformly misclassified these CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

25.     Kaiser Foundation Health Plan  maintains records from which the Court can ascertain and identify by job title each of Kaiser Foundation Health Plan's employees who as CLASS members, have been systematically, intentionally and uniformly misclassified as exempt as a matter of DEFENDANT'S corporate policy, practices and procedures.  PLAINTIFFS will seek leave to amend the complaint to include these additional job titles when they have been identified.

**THE CONDUCT**

26.     Kaiser Foundation Health Plan is a California Corporation which operates in nine states and in the District of Columbia.  Kaiser Foundation Health Plan is one of the largest not-for-profit managed health care companies in the United States, offering both hospital and physician care through a network of hospitals and physician practices operating under the Kaiser Permanente name.

27.     PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano were hired by Defendant Kaiser Foundation Health Plan and placed into the job title of "Product

COMPLAINT

1  Specialist" in the "KP HealthConnect NCAL project." The job title was described to the

2  PLAINTIFFS as an exempt, full time, and temporary position. Kaiser Foundation Health Plan

3  changed the job titles of PLAINTIFFS and other "Product Specialists" to "Business Application

4  Coordinator" soon after the hire. Despite the new titles, PLAINTIFFS and other newly dubbed

5  "Business Application Coordinators" continued to perform only the same job functions as "Business

6  Application Coordinators" that were previously performed as "Product Specialists." The

7  PLAINTIFFS functioned as working members on the production side of a KP HealthConnect

8  Support Team. The job duties of PLAINTIFFS and their fellow KP HealthConnect Support Team

9  members were to provide technical support to hospital staff in connection with the Kaiser

10 Permanente HealthConnect computer system ("HealthConnect"), which is installed as part of a

11 procedure called "GoLive." This project was instituted in order to ensure that all Kaiser Permanente

12 facilities use a common software system. Intermittently, DEFENDANTS would deploy

13 PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and Jerahmeel Capistrano, and other similarly

14 situated employees in teams to Kaiser Permanente facilities in Northern California for month-long

15 durations, where they, along with their team, provided training, technical support and assistance to

16 hospital clinicians and staff in conjunction with the installation of the HealthConnect computer

17 system during the "GoLive" procedure (the "DEPLOYMENT"). Kaiser Permanente also employs

18 this same GoLive procedure in various San Diego County facilities. The work schedule during the

19 DEPLOYMENTS lasted approximately four weeks where the PLAINTIFFS worked more than eight

20 (8) hours a day and more than forty (40) hours each week. As a result of this rigorous work

21 schedule, PLAINTIFFS and other similarly situated employees were often unable to take meal or

22 rest breaks. Furthermore, PLAINTIFFS and the other team members were also required to deliver

23 training sessions during their lunch periods called "Lunch & Learns." The "Lunch & Learns" were

24 deliberately scheduled during the meal periods so that the hospital clinicians and staff members

25 could eat their lunch and learn about the HealthConnect system from the PLAINTIFFS, who were

26 forced to deliver these training sessions during *their* meal periods. Prior to the GoLive,

27 DEFENDANTS would also require PLAINTIFFS and their team members to participate in

28

COMPLAINT

1  "Technical Dress Rehearsals." During these sessions, PLAINTIFFS and their team members were

2  required to test the software to ensure that the HealthConnect system was functioning properly. Any

3  problems or defects would have to be reported back to the DEFENDANTS' employees who had the

4  technical expertise to diagnose and cure the defects. In order to test the equipment without

5  disturbing the hospital staff, these Rehearsals took place either during meal periods, early in the

6  morning, or late in the evening when the staff was not working in the department. This scheduling

7  caused the workday, wherein PLAINTIFFS participated in the "Technical Dress Rehearsals," to

8  exceed eight (8) hours. Overall, the first two weeks of the DEPLOYMENT were consistently the

9  most grueling. The five (5) to six (6) day workweek consisted of workdays which lasted as long as

10  thirteen (13) hours. Both the third and fourth weeks of the DEPLOYMENT contained five (5) to

11  six (6) workdays, during which PLAINTIFFS and their fellow team members worked approximately

12  ten (10) hours each day. Physical demands of this position include and/or included standing, sitting,

13  walking, and bending as needed to demonstrate how to use the HealthConnect computer systems to

14  hospital staff. During the Class Period, PLAINTIFFS Mark Steele, Dan Royse, Julie Teague, and

15  Jerahmeel Capistrano, and the members of their team worked and/or still work on the production

16  side during the various DEPLOYMENTS, but are nevertheless classified by DEFENDANT as

17  exempt from overtime pay and worked more than eight (8) hours a day and more than forty (40)

18  hours a week. The job duties and responsibilities described above that relate to providing technical

19  support comprised at least seventy percent (70 %) of the PLAINTIFFS' overall job duties and

20  responsibilities.

21       28.     In between the DEPLOYMENTS, PLAINTIFFS were also trained in and were

22  briefed on issues pertaining to technical support and assistance in DEFENDANTS' several offices

23  located in Northern California throughout the calendar year. In order for their superiors to formulate

24  a plan for each department's computer needs, PLAINTIFFS would meet with the Chief Department

25  Manager of each hospital department that expected to receive a HealthConnect computer system in

26  the future. Using a questionnaire given to them by their superiors, PLAINTIFFS would gather

27  information regarding the department's computer needs. Thereafter, pursuant to a known protocol

28

1  taught to them by their superiors, PLAINTIFFS would enter this information into a "workflow"

2  document. After all the necessary information was entered into this document from the

3  questionnaire answers, PLAINTIFFS would provide the workflow document to their superiors, who

4  were ultimately in charge of formulating the plan and deciding which specifications were needed for

5  the particular department's HealthConnect computer system. During this period, in between the

6  DEPLOYMENTS, PLAINTIFFS also worked more than eight (8) hours a day and/or more than

7  forty (40) hours a week. The job duties and responsibilities described above that relate to

8  interviewing clients, planning, and documenting the needs of the clients comprised at most thirty

9  percent (30 %) of the PLAINTIFFS' overall job duties and responsibilities.

10      29.    None of the PLAINTIFFS, nor any member of the CLASS was

11  primarily engaged in work of a type that was or now is directly related to management policies or

12  general business operations, when giving these words a fair but narrow construction. None of the

13  PLAINTIFFS, nor any member of the CLASS was primarily engaged in work of a type that was or

14  now is performed at the level of the policy or management of the DEFENDANTS. To the contrary,

15  the work of a Product Specialist or Business Application Coordinator of the DEFENDANTS is

16  work wherein PLAINTIFFS and members of the CLASS are primarily engaged in the day to day

17  business operations of the DEFENDANTS to keep the computers that perform the day to day work

18  operating in accordance with the management policies and general business operations established

19  by DEFENDANTS' management.

20      30.    Considerations such as (a) Kaiser Foundation Health Plan's realistic expectations for

21  the job titled Product Specialist, Business Application Coordinator, and other similarly situated

22  jobs, on the production side of the DEFENDANTS' business enterprise in the KP HealthConnect

23  Support Team of which PLAINTIFFS were members and other similarly situated support teams, and

24  (b) the actual overall requirements of the jobs titled Product Specialist and Business Application

25  Coordinator, are susceptible to common proof. The fact that their work and those of other similarly

26  situated employees involved a computer and/or a specialized skill set in a defined technical area

27  does not mean that the PLAINTIFFS and other members of the CLASS are exempt from overtime

28  wages. Indeed, the exercise of discretion and independent judgment must be more than the use of a

15

1   highly technical skill set described in a manual or other sources. The work that PLAINTIFFS and
2   other members of the CLASS were and are primarily engaged in performing day to day activities is
3   the work that is required to be performed as part of the day to day business of DEFENDANTS. As
4   a result, PLAINTIFFS and the other members of the CLASS were primarily engaged in work that
5   falls squarely on the production side of the administrative/production worker dichotomy.

6        31.    DEFENDANTS systematically misclassified as exempt PLAINTIFFS and
7   all other members of the CALIFORNIA CLASS and COLLECTIVE CLASS solely on the basis of
8   their job title and without regard to DEFENDANTS' realistic expectations and actual overall
9   requirements of the job. Consequently, PLAINTIFFS and the other members of the CALIFORNIA
10  CLASS and COLLECTIVE CLASS uniformly and systematically exempted from payment for
11  overtime wages for hours worked in excess of eight (8) hours per day and/or (40) forty hours per
12  week during the CLASS PERIOD.

13       32.    Cal. Lab. Code § 515 appoints the Industrial Welfare Commission to
14  establish exemptions from the requirement that an overtime rate of compensation be paid pursuant
15  to Sections 510 and 511 for executive, administrative, and professional employees, provided that the
16  employee is primarily engaged in the duties that meet the test of the exemption, customarily and
17  regularly exercises discretion and independent judgment in performing those duties, and earns a
18  monthly salary equivalent to no less than two times the state minimum wage for full-time
19  employment. California Labor Code Section 515.5 and Industrial Welfare Commission Wage Order
20  4-2001, set forth the requirements which must be satisfied in order for a computer employee to be
21  lawfully classified as exempt. Although wrongfully classified by DEFENDANTS as exempt at the
22  time of hire and thereafter, PLAINTIFFS, and all other members of the similarly-situated
23  CALIFORNIA CLASS, are not exempt under Industrial Welfare Commission Wage Order 4-2001,
24  and Cal. Lab. Code § 515.5.

25       33.    Section 13 of the FLSA and 29 Code of Federal Regulations Part 541, et
26  seq., set forth the requirements which must be satisfied in order for an employee to be lawfully
27  classified as exempt from receiving overtime compensation. Although wrongfully classified by
28  DEFENDANTS as exempt at the time of hire and thereafter, PLAINTIFFS, and all other members

16

COMPLAINT

1    of the similarly-situated COLLECTIVE CLASS, are not exempt under section 13 of the FLSA or

2    the provisions of 29 C.F.R. 541, et seq.

3        34.    Accordingly, and despite the fact that PLAINTIFFS, and the other members of the

4    CLASS, regularly worked in excess of 8 hours a day and/or 40 hours per week, they did not receive

5    overtime compensation and as a result suffered an economic injury.

6        35.    In addition, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFFS and

7    other members of the CALIFORNIA CLASS, were required to be provided with rest period breaks

8    each workday. DEFENDANTS failed to provide PLAINTIFFS and all other members of the

9    CALIFORNIA CLASS with the statutorily required rest period breaks during the CALIFORNIA

10   CLASS PERIOD, which has caused additional economic injuries to PLAINTIFFS and other

11   members of the CALIFORNIA CLASS.

12       36.    Further, under Cal. Lab. Code §§ 226.7 and 512, PLAINTIFFS and other

13   members of the CALIFORNIA CLASS, were required to be provided with meal breaks each

14   workday. DEFENDANTS failed to provide PLAINTIFFS and all other members of the

15   CALIFORNIA CLASS with the statutorily required uninterrupted meal breaks during the

16   CALIFORNIA CLASS PERIOD, thereby causing additional economic injuries to PLAINTIFFS and

17   other members of the CALIFORNIA CLASS.

18       37.    Under  29 U.S.C. § 207, PLAINTIFFS and other members of the COLLECTIVE

19   CLASS, were required to be compensated for all meal breaks taken by PLAINTIFFS and the other

20   members of the COLLECTIVE CLASS where they performed duties predominantly for the benefit

21   of the DEFENDANTS during the meal breaks.  Under 29 CFR 785.19, this time spent during the

22   lunch break is compensable because PLAINTIFFS and the other members of the COLLECTIVE

23   CLASS were required to perform duties while eating.

24

25                          **FIRST CAUSE OF ACTION**

26            **Fair Labor Standards Act, *29 U.S.C. §§ 201, et seq.* ("FLSA")**

27          **(By PLAINTIFFS and the COLLECTIVE CLASS and Against all DEFENDANTS)**

28       38.    PLAINTIFFS, and the other members of the COLLECTIVE CLASS,

17

COMPLAINT

1 | reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 37

2 | of this Complaint.

3 |       39.    DEFENDANTS are engaged in communication, business, and transmission between

4 | California, nine other states in the United States, and the District of Columbia, and is, therefore,

5 | engaged in commerce within the meaning of 29 U.S.C. § 203(b).

6 |       40.    29 U.S.C. § 255 provides that a three-year statute of limitations applies

7 | to willful violations of the FLSA.

8 |       41.    29 U.S.C. § 207(a)(1) provides in pertinent part:

9 |

10 |       Except as otherwise provided in this section, no employer shall employ any of his

11 |       employees who in any workweek is engaged in commerce or in the production of

12 |       goods for commerce, or is employed in an enterprise engaged in commerce or in the

13 |       production of goods for commerce, for a workweek longer than forty hours unless

14 |       such employee receives compensation for his employment in excess of the hours

15 |       above specified at a rate not less than one and one-half times the regular rate at which

16 |       he is employed.

17 |       42.    Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not

18 | apply to:

19 |       any employee employed in a bona fide executive, administrative, or professional

20 |       capacity (including any employee employed in the capacity of academic

21 |       administrative personnel or teacher in elementary or secondary schools), or in the

22 |       capacity of outside salesman (as such terms are defined and delimited from time to

23 |       time by regulations of the Secretary, subject to the provisions of the Administrative

24 |       Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or

25 |       service establishment shall not be excluded from the definition of employee

26 |       employed in a bona fide executive or administrative capacity because of the number

27 |       of hours in his workweek which he devotes to activities not directly or closely related

28 |       to the performance of executive or administrative activities, if less than 40 per

18

COMPLAINT

1    centum of his hours worked in the workweek are devoted to such activities).

2    43.    DEFENDANTS have willfully engaged in a widespread pattern and practice of

3    violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees

4    as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

5    expectations and actual overall requirements of the job, including PLAINTIFFS and the other

6    members of the COLLECTIVE CLASS who worked on the production side of the DEFENDANTS'

7    business enterprise, including the KP HealthConnect Support Teams. This was done in an illegal

8    attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code

9    of Federal Regulations requirements.

10    44.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, PLAINTIFFS and

11    the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually

12    worked, including time spent training DEFENDANTS' employees during meal periods, and are also

13    entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours

14    worked in excess of forty (40) hours in any workweek.

15    45.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the

16    exempt status of an employee. The exempt or nonexempt status of any particular employee must be

17    determined on the basis of whether the employee's salary and duties meet the requirements of the

18    regulations in this part.

19    46.    The exemptions of the FLSA as listed in section 13(a), and as explained

20    by 29 C.F.R. 541.3, do not apply to PLAINTIFFS and the other members of the COLLECTIVE

21    CLASS, because their work consists of non-management, production line labor performed with

22    skills and knowledge acquired from on-the-job training, rather than from the prolonged course of

23    specialized intellectual instruction required for exempt learned professional employees such as

24    medical doctors, architects and archeologists. PLAINTIFFS do not hold a computer related

25    bachelor's degree, have not taken any prolonged course of specialization relating to network

26    systems or infrastructure, and have attained the vast majority of the skills used as an employee of

27    DEFENDANTS from on the job training.

28    47.    For an employee to be exempt as a bona fide "executive," all the

19

COMPLAINT

following criteria must be met and DEFENDANTS have the burden of proving that:

      (a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

      (b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees;

      (c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

      (d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS were senior or lead computer programmers who managed the work of two or more other programmers in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other programmers were given particular weight and therefore, they do not qualify for the executive exemption as a computer employees under 29 C.F.R. 541.402.

      48.     For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANTS have the burden of proving that:

      (a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

      (b)     The employee must customarily and regularly exercise discretion and independent judgment with respect to matters of significance; and,

      (c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

      (d)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

20

1     (e)    The employee must be primarily engaged in duties which meet the test of exemption.

2 No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet

3 the requirements of for being an "administrator" under section 13(a) of the FLSA and 29 C.F.R.

4 541.300. Moreover, their primary duty does not include work such as planning, scheduling, and

5 coordinating activities required to develop systems to solve complex business, scientific or

6 engineering problems of the employer or the employer's customers and therefore, they are not

7 qualified for the administrative exemption as computer employees under 29 C.F.R. 541.402.

8     49.    For an employee to be "exempt" as a bona fide "professional", the

9 DEFENDANTS have the burden of proving that the primary duty of the employee is the

10 performance of work that:

11     (a)    Requires knowledge of an advanced type in a field of science or learning customarily

12         acquired by a prolonged course of specialized intellectual instruction; or

13     (b)    Requires invention, imagination, originality or talent in a recognized field of artistic

14         or creative endeavor.

15 No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the

16 requirements of being an "professional" within the meaning of 29 CFR 541.300.

17     50.    For an employee to be "exempt" as a computer software employee,

18 DEFENDANTS have the burden of showing that the primary duty of the employee consists of:

19     (a)    The application of systems analysis techniques and procedures, including consulting

20         with users, to determine hardware, software or system functional specifications;

21     (b)    The design, development, documentation, analysis, creation, testing or modification

22         of computer systems or programs, including prototypes, based on and related to user

23         or system design specifications;

24     (c)    The design, documentation, testing, creation or modification of computer programs

25         related to machine operating systems; or

26     (d)    A combination of the aforementioned duties, the performance of which requires the

27         same level of skills.

28 The "primary duty" of the PLAINTIFFS, and the other members of the COLLECTIVE CLASS, as

1  defined in 29 C.F.R. 541.700, did not consist of the job functions outlined above.  Rather, the

2  primary duty of the PLAINTIFFS, and the other members of the COLLECTIVE CLASS, consisted

3  of providing technical support to DEFENDANTS' clinicians and staff as part of the KP

4  HealthConnect Project.  Although the primary duty was highly dependent on and facilitated by the

5  use of computers and computer software programs, the primary duty did not involve:

6        (1)     the determination of hardware, software, or system functional specifications;

7        (2)     the design, development, documentation, analysis, creation, testing, or modification

8                 of computer systems or programs; or

9        (3)     a combination of these duties, the performance of which requiring the same level of

10                 skills.

11  Rather than consulting with users to determine specifications, PLAINTIFFS gathered information

12  from various Kaiser Permanente Departments, which was later provided to their superiors.

13  PLAINTIFFS' superiors, thereafter, would determine the functional specifications for each

14  department, leaving PLAINTIFFS to engage in customer service functions by providing basic user

15  support to DEFENDANTS' employees.  Further, PLAINTIFFS and their fellow team members

16  operated under a substantial amount of scrutiny from management in providing the technical support

17  and in performing the other non-exempt functions that constituted their primary duties.  Thus, no

18  member of the COLLECTIVE CLASS was or is exempt as a computer systems analyst, computer

19  programmer, or software engineer because they all fail to meet the requirements of being a

20  "professional" within the meaning of 29 U.S.C. § 213 and 29 C.F.R. 541.400.

21        51.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFFS, and other

22  members of the COLLECTIVE CLASS, worked more than forty (40) hours in a work week and

23  were also required to perform duties that were primarily for the benefit of the employer during meal

24  periods.

25        52.    At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and

26  other members of the COLLECTIVE CLASS, overtime compensation for the hours they have

27  worked in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

28  even though PLAINTIFFS, and the other members of the COLLECTIVE CLASS, were regularly

1  required to work, and did in fact work, overtime hours.

2      53.    At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and

3  other members of the COLLECTIVE CLASS, regular compensation for the hours they have

4  worked, performing duties primarily for the benefit of the employer during meal periods.

5      54.    For purposes of the Fair Labor Standards Act, the employment practices

6  of DEFENDANTS were and are uniform throughout California in all respects material to the claims

7  asserted in this Complaint.

8      55.    There are no other exemptions applicable to PLAINTIFFS and/or to

9  members of the COLLECTIVE CLASS.

10     56.    As a result of DEFENDANTS' failure to pay overtime and failure to pay

11  regular compensation for hours worked during meal periods, as required by the FLSA, PLAINTIFFS

12  and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

13     57.    Therefore, PLAINTIFFS demand that they and the members of the

14  COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of

15  overtime worked in any work week for which they were not compensated, regular compensation for

16  every hour worked primarily for the benefit of DEFENDANTS for which they were not

17  compensated, plus interest and attorneys' fees as provided by law.

18

19                    **SECOND CAUSE OF ACTION**

20                 **For Failure To Pay Overtime Compensation**

21          **[Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]**

22      **(By PLAINTIFFS and the CALIFORNIA CLASS and Against all DEFENDANTS)**

23

24     58.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS,

25  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 57

26  of this Complaint.

27     59.    Cal. Lab. Code § 510 states in relevant part:

28     Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

                                    23

one workday and any work in excess of 40 hours in any one workweek and the first

eight hours worked on the seventh day of work in any one workweek shall be

compensated at the rate of no less than one and one-half times the regular rate of pay

for an employee.  Any work in excess of 12 hours in one day shall be compensated at

the rate of no less than twice the regular rate of pay for an employee. In addition, any

work in excess of eight hours on any seventh day of a workweek shall be

compensated at the rate of no less than twice the regular rate of pay of an employee.

60.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of labor

is entitled to one day's rest therefrom in seven."

61.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his employees to

work more than six days in seven."

62.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the overtime rate

of compensation required to be paid to a nonexempt full-time salaried employee, the

employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

63.    Cal. Lab. Code § 1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving

less than the legal minimum wage or the legal overtime compensation applicable to

the employee is entitled to recover in a civil action the unpaid balance of the full

amount of this minimum wage or overtime compensation, including interest thereon,

reasonable attorney's fees, and costs of suit.

64.    Cal. Lab. Code § 1198 provides: "The maximum hours of work and the standard

conditions of labor fixed by the commission shall be the maximum hours of work

and the standard conditions of labor for employees. The employment of any

employee for longer hours than those fixed by the order or under conditions of labor

prohibited by the order is unlawful."

65.    DEFENDANTS have intentionally and uniformly designated certain

employees as "exempt" employees, by their job title and without regard to DEFENDANTS' realistic

expectations and actual overall requirements of the job, including PLAINTIFFS and the other

1   members of the CALIFORNIA CLASS who worked on the production side of the DEFENDANTS'
2   business enterprise, including the KP HealthConnect Support Teams.  This was done in an illegal
3   attempt to avoid payment of overtime wages and other benefits in violation of the Cal. Lab. Code
4   and Industrial Welfare Commission requirements.

5        66.     For an employee to be exempt as a bona fide "executive," all the
6   following criteria must be met and DEFENDANTS have the burden of proving that:

7        (a)     The employee's primary duty must be management of the enterprise, or of a
8                customarily recognized department or subdivision; and,

9        (b)     The employee must customarily and regularly direct the work of at least two (2) or
10               more other employees; and,

11       (c)     The employee must have the authority to hire and fire, or to command particularly
12               serious attention to his or his recommendations on such actions affecting other
13               employees; and,

14       (d)     The employee must customarily and regularly exercise discretion and independent
15               judgment; and,

16       (e)     The employee must be primarily engaged in duties which meet the test of exemption.
17   No member of the CALIFORNIA CLASS was or is an executive because they all fail to meet the
18   requirements of being an "executive" within the meaning of Order No. 4-2001.

19       67.     For an employee to be exempt as a bona fide "administrator," all of the
20   following criteria must be met and DEFENDANTS have the burden of proving that:

21       (a)     The employee must perform office or non-manual work directly related to
22               management policies or general business operation of the employer; and,

23       (b)     The employee must customarily and regularly exercise discretion and independent
24               judgment; and,

25       (c)     The employee must regularly and directly assist a proprietor or an exempt
26               administrator; or,

27       (d)     The employee must perform, under only general supervision, work requiring special
28               training, experience, or knowledge, or,

25

COMPLAINT

1      (e)    The employee must execute special assignments and tasks under only general

2             supervision; and,

3      (f)    The employee must be primarily engaged in duties which meet the test of exemption.

4  No member of the CALIFORNIA CLASS was or is an administrator because they all fail to meet

5  the requirements for being an "administrator" under Order No. 4-2001.

6      68.    The Industrial Welfare Commission, ICW Wage Order 4-2001, at

7  section (1)(A)(3)(h), at Labor Code § 515, and Cal. Lab. § 515.5 also set forth the requirements

8  which must be complied with to place an employee in the "professional" exempt category.  For an

9  employee to be "exempt" as a bona fide "professional", all the following criteria must be met and

10  DEFENDANTS have the burden of proving that:

11      (a)    The employee is primarily engaged in an occupation commonly recognized as a

12             learned or artistic profession.  For the purposes of this subsection, "learned or artistic

13             profession" means an employee who is primarily engaged in the performance of:

14          1)    Work requiring knowledge of an advanced type in a field or science or

15                learning customarily acquired by a prolonged course of specialized

16                intellectual instruction and study, as distinguished from a general academic

17                education and from an apprenticeship, and from training in the performance

18                of routine mental, manual, or physical processes, or work that is an essential

19                part or necessarily incident to any of the above work; or,

20          2)    Work that is original and creative in character in a recognized field of artistic

21                endeavor, and the result of which depends primarily on the invention,

22                imagination or talent of the employee or work that is an essential part of or

23                incident to any of the above work; and,

24          3)    Whose work is predominately intellectual and varied in character (as opposed

25                to routine mental, manual, mechanical, or physical work) and is of such

26                character cannot be standardized in relation to a given period of time.

27      (b)    The employee must customarily and regularly exercise discretion and independent

28             judgment; and.

COMPLAINT

(c)     The employee earns a monthly salary equivalent to no less than two (2) times the
state minimum wage for full-time employment.  No member of the CALIFORNIA
CLASS was or is a professional because they all fail to meet the requirements of
being a "professional" within the meaning of Order No. 4-2001.

In particular, for an employee to be "exempt" as a bona fide "professional" with respect to the
requirements for a computer software employee, all the following criteria must be met and
DEFENDANTS have the burden of proving that:

(a)     The employee must primarily perform work which is intellectual or creative and that
requires the exercise of discretion and independent judgment; and,

(b)     The employee is primarily engaged in duties which consist of one or more of the
following:

1)     the application of systems analysis techniques and procedures, including
consulting with users, to determine hardware, software, or system functional
specifications;

2)     the design, development, documentation, analysis, creation, testing or
modification of computer systems or programs, including prototypes, based
on and related to user or system design specifications;

3)     the documentation, testing, creation or modification of computer programs
related to the design of the software or hardware for computer operating
systems; and,

(c)     The employee must be highly skilled and proficient in the theoretical and practical
application of highly specialized information to computer systems analysis,
programming and software engineering.  A job title shall not be determinative of the
applicability of this exemption; and,

(d)     The employee's hourly rate of pay is not less than forty-one dollars ($ 41.00), or the
annualized full-time salary equivalent of that rate, provided that all other
requirements of this section are met and that in each workweek the employee
receives not less than forty-one dollars ($ 41.00) per hour worked. This is the rate

27

1    which is adjusted by the DLSR on October 1 of each year to be effective on January

2    1 of the following year by an amount equal to the percentage increase in the

3    California Consumer Price Index for Urban Wage Earners and Clerical Workers.

4        1)    The adjusted rates for each year of the CALIFORNIA CLASS PERIOD are as

5            follows: In 2003, the rate was $43.58. In 2004, the rate was $44.63. In 2005,

6            the rate was $45.84. In 2006, the rate was $47.81. Currently, in 2007, the

7            rate is $49.77. No member of the CALIFORNIA CLASS was or is an

8            exempt "Computer Software Employee" because they all fail to meet the

9            requirements of Order No. 4-2001.

10    PLAINTIFFS and all members of the CALIFORNIA CLASS were paid less than these amounts

11    during the Class Period.

12        69.    PLAINTIFFS, and other members of the CALIFORNIA CLASS, do not

13    fit the definition of an exempt executive, administrative, or professional employee because:

14        (a)    They did not work as executives or administrators; and,

15        (b)    The professional exemption articulated in Wage Order 4-2001, section (1)(A)(3)(h)

16            and Labor Code § 515, and the professional exemption articulated in Cal. Lab. Code

17            § 515.5, does not apply to PLAINTIFFS, nor to the other members of the

18            CALIFORNIA CLASS, because they are either computer software employees paid

19            less than the requisite amount set forth in Cal. Lab. § 515.5(a)(4) and under

20            subdivision (1)(A)(3)(h)(iv) of Order No. 4-2001, and/or did not otherwise meet all

21            the applicable requirements to work under the exemption of computer software

22            employee for the reasons set forth above in this Complaint.

23        70.    During the class period, the PLAINTIFFS, and other members of the

24    CALIFORNIA CLASS, worked more than eight (8) hours in a workday and/or forty (40) hours in a

25    work week.

26        71.    At all relevant times, DEFENDANTS failed to pay PLAINTIFFS, and

27    other members of the CALIFORNIA CLASS, overtime compensation for the hours they have

28    worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510

28

COMPLAINT

1  and 1198, even though PLAINTIFFS, and the other members of the CALIFORNIA CLASS, were

2  regularly required to work, and did in fact work, overtime hours.

3      72.    By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

4  PLAINTIFFS, and the other members of the CALIFORNIA CLASS, for their regular and overtime

5  hours, the PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have suffered, and

6  will continue to suffer, an economic injury in amounts which are presently unknown to them and

7  which will be ascertained according to proof at trial.

8      73.    DEFENDANTS knew or should have known that PLAINTIFFS, and the

9  other members of the CALIFORNIA CLASS, were misclassified  as exempt and DEFENDANTS

10  systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them

11  for their overtime labor as a matter of uniform corporate policy, practice and procedure.

12      74.    Therefore, PLAINTIFFS, and the other members of the CALIFORNIA

13  CLASS, request recovery of regular and overtime compensation according to proof, interest,

14  attorney's fees and cost pursuant to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment

15  of any statutory penalties against DEFENDANTS, in a sum as provided by the Cal. Lab. Code

16  and/or other statutes.  Further, PLAINTIFFS, and the other members of the CALIFORNIA  CLASS,

17  are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§

18  218.5 and 1194.

19      75.    In performing the acts and practices herein alleged in violation of labor

20  laws and refusing to provide the requisite regular and overtime compensation, the DEFENDANTS

21  acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and

22  toward the other members of the CALIFORNIA CLASS, with a conscious and utter disregard of

23  their legal rights, or the consequences to them, and with the despicable intent of depriving them of

24  their property and legal rights and otherwise causing them injury in order to increase corporate

25  profits at the expense of PLAINTIFFS and the members of the Class.

26  ///

27  ///

28  ///

## THIRD CAUSE OF ACTION

### For Failure to Pay Wages When Due

#### [ Cal. Lab. Code § 203]

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All DEFENDANTS)**

76.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS,

reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 75 of this Complaint.

77.    Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every

description, whether the amount is fixed or ascertained by the standard of time, task,

piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under

contract, subcontract, partnership, station plan, or other agreement if the labor to be

paid for is performed personally by the person demanding payment.

78.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her

employment, his or her wages shall become due and payable not later than 72 hours

thereafter, unless the employee has given 72 hours previous notice of his or her

intention to quit, in which case the employee is entitled to his or her wages at the

time of quitting. Notwithstanding any other provision of law, an employee who quits

without providing a 72-hour notice shall be entitled to receive payment by mail if he

or she so requests and designates a mailing address. The date of the mailing shall

constitute the date of payment for purposes of the requirement to provide payment

within 72 hours of the notice of quitting.

79.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance

with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is

30

discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

80.    Many of the California Class members have terminated their employment and DEFENDANTS have not tendered restitution of wages owed.

81.    Therefore, as provided by Cal lab. Code § 203, on behalf of himself and the members of the CALIFORNIA CLASS, PLAINTIFFS demand thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA CLASS PERIOD and demand an accounting and payment of all wages due, plus interest, as provided by Cal lab. Code § 218.6 plus attorneys fees and interest as allowed by law.

## FOURTH CAUSE OF ACTION

### For Failure to Provide Meal and Rest Periods

### [Cal. Lab. Code §§ 226.7 and 512]

### (By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)

82.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 81 of this Complaint.

83.    Cal. Lab. Code § 512 provide, in relevant part: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if

31

1    the first meal period was not waived.

2    84.    Section 11 of the Order 4-2001 of the Industrial Wage Commission

3    provides, in relevant part:

4    Meal Periods:

5    (A)    No employer shall employ any person for a work period of more than five (5)

6    hours without a meal period of not less than 30 minutes, except that when a

7    work period of not more than six (6) hours will complete the day's work the

8    meal period may be waived by mutual consent of the employer and the

9    employee. Unless the employee is relieved of all duty during a 30 minute

10    meal period, the meal period shall be considered an "on duty" meal period

11    and counted as time worked. An "on duty" meal period shall be permitted

12    only when the nature of the work prevents an employee from being relieved

13    of all duty and when by written agreement between the parties an on-the-job

14    paid meal period is agreed to. The written agreement shall state that the

15    employee may, in writing, revoke the agreement at any time.

16    (B)    If an employer fails to provide an employee a meal period in accordance with

17    the applicable provisions of this order, the employer shall pay the employee

18    one (1) hour of pay at the employee's regular rate of compensation for each

19    workday that the meal period is not provided.

20    85.    Section 12 of the Order 4-2001 of the Industrial Wage Commission

21    provides, in relevant part:

22    Rest Periods:

23    (A)    Every employer shall authorize and permit employees to take rest periods,

24    which insofar as practicable shall be in the middle of each work period. The

25    authorized rest period time shall be based on the total hours worked daily at

26    the rate of ten (10) minutes net rest time per four (4) hours or major fraction

27    thereof. However, a rest period need not be authorized for employees whose

28    total daily work time is less than three and one-half (3-1/2) hours. Authorized

32

COMPLAINT

1    rest period time shall be counted as hours worked for which there shall be no

2    deduction from wages.

3        (B)    If an employer fails to provide an employee a rest period in accordance with

4    the applicable provisions of this order, the employer shall pay the employee

5    one (1) hour of pay at the employee's regular rate of compensation for each

6    workday that the rest period is not provided.

7    86.    Cal. Lab. Code § 226.7 provides:

8    (a) No employer shall require any employee to work during any meal or rest period

9    mandated by an applicable order of the Industrial Welfare Commission.

10   (b) If an employer fails to provide an employee a meal period or rest period in

11   accordance with an applicable order of the Industrial Welfare Commission, the

12   employer shall pay the employee one additional hour of pay at the employee's regular

13   rate of compensation for each work day that the meal or rest period is not provided.

14   87.    DEFENDANTS have intentionally and improperly failed to provide all

15   rest and/or meal periods without any work or duties to PLAINTIFFS and the other members of the

16   CALIFORNIA CLASS who worked more than three and one half hours (3 ½) per day, and by

17   failing to do so DEFENDANTS violated the provisions of Labor Code 226.7.

18   88.    Therefore, PLAINTIFFS demand on behalf of himself and the members

19   of the CALIFORNIA CLASS, one (1) hour of pay for each workday in which a rest period was not

20   provided for each four (4) hours of work during the period commencing on the date that is within

21   four years prior to the filing of this Complaint and one (1) hour of pay for each five (5) hours of

22   work in which a meal period was not provided.

23

## FIFTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)

28   89.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS,

1  reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 88

2  of this Complaint.

3      90.    Cal. Labor Code § 226 provides that an employer must furnish

4  employees with an "accurate itemized statement in writing showing:

5      (1) gross wages earned,

6      (2) total hours worked by the employee, except for any employee whose compensation is

7      solely based on a salary and who is exempt from payment of overtime under subdivision (a)

8      of Section 515 or any applicable order of the Industrial Welfare Commission,

9      (3) the number of piecerate units earned and any applicable piece rate if the employee is paid

10      on a piece-rate basis,

11      (4) all deductions, provided that all deductions made on written orders of the employee may

12      be aggregated and shown as one item,

13      (5) net wages earned,

14      (6) the inclusive dates of the period for which the employee is paid,

15      (7) the name of the employee and his or her social security number, except that by January 1,

16      2008, only the last four digits of his or her social security number or an employee

17      identification number other than a social security number may be shown on the itemized

18      statement,

19      (8) the name and address of the legal entity that is the employer, and

20      (9) all applicable hourly rates in effect during the pay period and the corresponding number

21      of hours worked at each hourly rate by the employee."

22      91.    At all times relevant herein, DEFENDANTS violated Labor Code § 226,

23  in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by

24  PLAINTIFFS, and the other members of the CALIFORNIA CLASS at the effective regular rates of

25  pay and the effective overtime rates of pay.

26      92.    DEFENDANTS knowingly and intentionally failed to comply with

27  Labor Code § 226, causing damages to PLAINTIFFS, and the other members of the CALIFORNIA

28  CLASS. These damages include, but are not limited to, costs expended calculating the true hours

1  worked and the amount of employment taxes which were not properly paid to state and federal tax

2  authorities. These damages are difficult to estimate. Therefore, PLAINTIFFS, and the other

3  members of the CLASS elect to recover liquidated damages of $50.00 for the initial pay period in

4  which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to

5  Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than

6  $4,000.00 for PLAINTIFFS and each respective member of the CALIFORNIA CLASS herein) plus

7  reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

8

9  ## SIXTH CAUSE OF ACTION

10  ### For Unlawful Business Practices

11  ### [Cal. Bus. And Prof. Code § 17200 et seq.]

12  ### (By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)

13       93.     PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and

14  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 92 of this

15  Complaint.

16       94.     DEFENDANTS are "persons" as that term is defined under Cal. Bus. and Prof.

17  Code § 17021.

18       95.     Cal. Bus. And Prof. Code § 17200 defines unfair competition as any

19  unlawful, unfair, or fraudulent business act or practice.

20       96.     By the conduct alleged hereinabove in the Second through Fifth Claims

21  for Relief, DEFENDANTS have violated the provisions of the Unfair Competition Law, Cal. Bus.

22  & Prof. Code §§ 17200, et seq., for which this Court should issue equitable and injunctive relief,

23  pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld or

24  labor taken without proper compensation.

25       97.     By and through the unfair and unlawful business practices described

26  hereinabove, DEFENDANTS have obtained valuable property, money, and services from the

27  PLAINTIFFS, and the other members of the CLASS, and has deprived them of valuable rights and

28  benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANTS so as to allow

1    DEFENDANTS to unfairly compete.

2        98.    All the acts described herein as violations of, among other things, the

3    Cal. Lab. Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of

4    public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby

5    constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200

6    et seq.

7        99.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, are

8    further entitled to, and do, seek a declaration that the above described business practices are unfair

9    and unlawful and that an injunctive relief should be issued restraining DEFENDANTS from

10    engaging in any of these unfair and unlawful business practices in the future.

11        100.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have

12    no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business

13    practices of DEFENDANTS.  As a result of the unfair and unlawful business practices described

14    above, PLAINTIFFS, and the other members of the CALIFORNIA CLASS, have suffered and will

15    continue to suffer irreparable harm unless DEFENDANTS are restrained from continuing to engage

16    in these unfair and unlawful business practices.  In addition, DEFENDANTS should be required to

17    disgorge the unpaid moneys to PLAINTIFFS, and the other members of the CALIFORNIA CLASS.

18

19    **SEVENTH CAUSE OF ACTION**

20    **Labor Code Private Attorneys General Act**

21    **[Cal. Labor Code § 2698]**

22    **(By PLAINTIFFS and the CALIFORNIA CLASS and against All DEFENDANTS)**

23        101.    PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this

24    reference, as though fully set forth herein, paragraphs 1 through 100 of this Complaint.

25        102.    On January 30, 2008, PLAINTIFFS gave written notice by certified mail to the Labor

26    and Workforce Development Agency and the employer of the specific provisions of this code

27    alleged to have been violated as required by Labor Code § 2699.3.  PLAINTIFFS have received a

28    letter from the Labor and Workforce Development Agency ("LWDA") stating that the LWDCA

36

1    does not intend to investigate the allegations.  As a result, pursuant to Section 2699.3, Plaintiff may

2    now commence a civil action pursuant to Section 2699.

3          103.    The policies, acts and practices heretofore described were and are an unlawful

4    business act or practice because DEFENDANTS' failure to pay wages, failure to provide rest and

5    meal period breaks, failure to pay wages and compensation for work without rest and meal period

6    breaks and failure to provide accurate wage statements and maintain accurate time records for

7    PLAINTIFFS and the other members of the CLASS violates applicable Labor Code sections and

8    gives rise to statutory penalties as a result of such conduct, including but not limited to penalties as

9    provided by Labor Code §§ 221, 226, 226.7, 558, 1174 and 1194, applicable Industrial Welfare

10   Commission Wage Orders.  Plaintiffs, as aggrieved employees, hereby seeks recovery of civil

11   penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of

12   himself and other current and former employees of DEFENDANTS, against whom one or more of

13   the violations of the Labor Code was committed.

14

15                                         **PRAYER**

16         WHEREFOR, PLAINTIFFS pray for judgment against each Defendant, jointly and

17   severally, as follows:

18         A)    Compensatory damages, according to proof at trial due PLAINTIFFS and the other

19               members of the COLLECTIVE CLASS and CALIFORNIA CLASS, during the

20               applicable COLLECTIVE CLASS PERIOD and CALIFORNIA CLASS PERIOD

21               plus interest thereon at the statutory rate;

22         B)    Restitution, according to proof at trial, due PLAINTIFFS and the other members of

23               the CALIFORNIA CLASS, during the applicable CALIFORNIA CLASS PERIOD

24               plus interest thereon at the statutory rate;

25         C)    One (1) hour of pay for each workday in which a rest period was not provided to

26               PLAINTIFFS and each member of the CALIFORNIA CLASS for each four (4) hours

27               of work during the period commencing on the date that is within four years prior to

28               the filing of this Complaint;

37

COMPLAINT

D)     One hour of pay for each five (5) hours of work in which a meal period was not provided to PLAINTIFFS and each member of the CALIFORNIA CLASS;

E)     An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANTS from engaging in similar unlawful conduct as set forth herein;

F)     An order requiring DEFENDANTS to provide an accounting of all wages and all sums unlawfully withheld from compensation due to PLAINTIFFS and the other members of the COLLECTIVE and CALIFORNIA CLASSES;

G)     Imposition of a constructive trust upon the assets of the DEFENDANTS to the extent of the sums due to PLAINTIFFS and to the other members of the COLLECTIVE and CALIFORNIA CLASSES;

H)     An award of interest, including prejudgment interest at the legal rate;

I)     An award of statutory damages, including reasonable attorneys' fees and cost of suit;

J)     An award of penalties as available under the law; and,

K)     For all appropriate relief pursuant to 29 U.S.C. § 1132(a)(2), including any applicable interest thereon; and,

L)     Such other and further relief as the Court deems just and proper.

Dated:   April 8, 2008                    BLUMENTHAL & NORDREHAUG

By:   s/Norman B. Blumenthal
        Norman B. Blumenthal
        Attorneys for Plaintiffs

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

38
COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2

3      Plaintiffs demand a jury trial on issues triable to a jury.

4

Dated: April 8, 2008                        BLUMENTHAL & NORDREHAUG

5

6                                           By:   s/Norman B. Blumenthal
                                                   Norman B. Blumenthal
7                                                  Attorneys for Plaintiffs

8

9                                           UNITED EMPLOYEES LAW GROUP
                                            Walter Haines, Esq.
10                                          65 Pine Ave, #312
                                            Long Beach, CA 90802
11                                          Telephone: (562) 256-1047
                                            Facsimile: (562) 256-1006

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   G:\D\NBB\Steele v. KP\p-Complaint-Federal-AMD-clean.wpd

27

28